IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAN COLLINS, | |
| Plaintiff, | **8:18CV270** |
| vs. | |
| SCOTT FRAKES, Director Nebraska Correctional Department Services - Individual and Official Capacity; ROBERT MADSEN, Warden (Nebraska State Penitentory) - Individual and Official Capacity; M. MARTINEZ, Mental Health Practitioner (Nebraska State Penitentory) - Individual and Official Capacity; J. CONROY, Unit 4 Manager (Nebraska State Penitentory) - Individual and Official Capacity; M. JOHNSON, Case Manager (H66 PC) Housing Unit 4 in Protect Custody - Individual and Official Capacity; D. PELOWSKI, Case Manager (Housing Unit 6 Protective Custody) - Individual and Official Capacity; M. RODRIGUEZ, Case Worker (Housing Unit 4 Protective Custody) - Individual and Official Capacity; C. MORSE, Corporal (D Gallery assigned rotation for Protective Custody) - Individual and Official Capacity; and M. REISDORFF, Sergeant (Assigned in Housing Unit 4) - Individual and Official Capacity; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the court on Plaintiff's motion for reconsideration of the court's June 18, 2018 Order granting Plaintiff leave to proceed in forma

pauperis ("IFP"). (Filing No. 9.) Plaintiff also includes a request for the appointment of counsel.

## A. REQUEST TO RECONSIDER IFP STATUS

Plaintiff, who is an inmate at the Tecumseh State Prison, was previously given leave to proceed in forma pauperis. (Filing No. 6.) The court's IFP order advised Plaintiff that the Prison Litigation Reform Act requires that prisoner plaintiffs pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The order informed Plaintiff that pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Plaintiff was further advised that in addition to the initial partial filing fee, Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff now objects to the court's calculation of the initial partial filing fee and asks the court to recalculate the fee based only on his income earned from the State and excluding amounts Plaintiff received as gifts from family members. Plaintiff states he will pay the initial partial filing fee of $41.67, but asks that the rest of the filing fee be paid at the end of this case by the Defendants. Plaintiff also objects to the collection of the remainder of the filing fee pursuant to 28 U.S.C. § 1915(B)(2) because "$10.00 isn't enough to pay for postage, make copies, and survive off buying hygiene products" and Plaintiff needs at least $20 a week to call home to his family. (Filing No. 9 at CM/ECF p.2.)

As the court has informed Plaintiff, the method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive any part of an in forma pauperis

prisoner's filing fee. Moreover, nothing in the statutory language of section 1915(b) indicates that monetary gifts a prisoner receives from family should be excluded in calculating a prisoner's "deposits," "income," or "amount in the account." *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 954 (D. Neb. 2001) (noting court's definition of "deposit" to mean "all gifts, wages, or other income credited to [prisoner] plaintiff's account, with the exception of credits for institutional activities or canteen refunds, less court-ordered child support, restitution, or other funds subject to a court order or judgment"); *Losee v. Maschner*, 113 F. Supp. 2d 1343, 1346 n.1 (S.D. Iowa 1998) (including idle pay and gift in calculating prisoner's monthly income for purposes of collecting the filing fee under § 1915(b)(2)) (citing *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir.1998) (defining "income" under § 1915(b) as all deposits to an inmate's account including gifts from family members)). Rather, income under section 1915(b) includes "all deposits to the prisoner's inmate account, whether the deposit be earned income, a gift, or otherwise." *Cosby v. Meadors*, 351 F.3d 1324 (10th Cir. 2003).

Accordingly, Plaintiff's contention that gifts from his family should be excluded as income for purposes of calculating his payments under the Act is without merit. Therefore, Plaintiff's motion will be denied and all payments will be collected in accordance with section 1915(b).

## B. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has also requested that counsel be appointed to represent him in this matter. (Filing No. 9 at CM/ECF p.1, ¶ 1.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the

plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that Plaintiff's motion (filing no. 9) is denied.

Dated this 5th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge