IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAN COLLINS,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SCOTT FRAKES, Director Nebraska Correctional Department Services - Individual and Official Capacity; ROBERT MADSEN, Warden (Nebraska State Penitentory) - Individual and Official Capacity; M. MARTINEZ, Mental Health Practitioner (Nebraska State Penitentory) - Individual and Official Capacity; J. CONROY, Unit 4 Manager (Nebraska State Penitentory) - Individual and Official Capacity; M. JOHNSON, Case Manager (H66 PC) Housing Unit 4 in Protect Custody - Individual and Official Capacity; D. PELOWSKI, Case Manager (Housing Unit 6 Protective Custody) - Individual and Official Capacity; M. RODRIGUEZ, Case Worker (Housing Unit 4 Protective Custody) - Individual and Official Capacity; C. MORSE, Corporal (D Gallery assigned rotation for Protective Custody) - Individual and Official Capacity; and M. REISDORFF, Sergeant (Assigned in Housing Unit 4) - Individual and Official Capacity;<br><br>　　　　　　Defendants. | 8:18CV270<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　This matter is before the court on Plaintiff's Motion for Extension of Time (filing no. 11) and Plaintiff's correspondence (filing no. 12), which the court

construes as a motion seeking guidance on how he may proceed with his case. In both his Motion for Extension and his correspondence, Plaintiff indicates that he would like to delay the paying of his initial partial filing fee and possibly withdraw or suspend his case until after he is released on parole in April 2019. Plaintiff asks whether suspending the case until April 2019 is possible, what effect a withdrawal or dismissal of the case will have as to the statute of limitations and payment of the filing fee, and whether there are any resources available to assist pro se litigants.

First, to the extent Plaintiff seeks the court's advice on how he should proceed and what the consequences will be of particular courses of action, the court cannot provide such legal advice nor will the court act as Plaintiff's legal advisor. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 243 (3d Cir. 2013) *(*citing *McKaskle v. Wiggins,* 465 U.S. 168, 183–84 (1984)) ("[T]here is no case law requiring courts to provide general legal advice to pro se parties. In a long line of cases, the Supreme Court has repeatedly concluded that courts are under no such obligation."). The court will, however, direct Plaintiff's attention to the District Court of Nebraska's public website, which contains resources for persons proceeding without an attorney. https://www.ned.uscourts.gov/public/proceeding-without-an-attorney (last accessed July 27, 2018).

With respect to the filing fees owed in this case, the court has previously informed Plaintiff that, under the Prison Litigation Reform Act, an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. (*See* Filing No. 6; Filing No. 10.) The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), and the Prison Litigation Reform Act makes prisoners responsible for their filing fees *the moment the prisoner brings a civil action or files an appeal, even if the case is dismissed at a later time*. See *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). In other words, even if the court were to dismiss this action, Plaintiff must pay the $350.00 filing fee so long as he remains a prisoner.

2

Because Plaintiff is already on the hook for paying the filing fee and represents that he has the funds available to pay his initial partial filing fee, the court finds there is no good cause to extend the time in which Plaintiff has to pay his initial partial filing fee. Again, Plaintiff became responsible for paying the court's filing fee the moment he filed his suit and will remain liable for the fee so long as he remains a prisoner. If Plaintiff is released from custody at some point in the future while his case is still pending, then he would be required to file a new Application for Leave to Proceed IFP based on the changed circumstances caused by his release from prison. *See, e.g.*, *McGann v. Comm'r, Social Security Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners."). Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Extension of Time (filing no. 11) is denied. Plaintiff has until August 17, 2018, to pay his initial partial filing fee.

2. Plaintiff's motion (filing no. 12) is denied.

Dated this 27th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
